**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Allen Robertson, | No. CV-22-00009-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Lisa Millett, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening, Plaintiff's Complaint is dismissed.

**I.    Legal Standard**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, § 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a

district court to dismiss an in forma pauperis complaint if it fails to state a claim," *id.*, or if it is frivolous or malicious. § 1915(e)(2). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez*, 203 F.3d at 1127–1129.

## II.     Analysis

### A. Section 1983

Plaintiff first alleges claims under 42 U.S.C. § 1983 against Defendants Lisa Millett, Joelle Higby, Allison Botta, Eleni Vaita, the State of Arizona, and the Arizona Department of Child Safety ("DCS"). (Doc. 1 at 2.) However, § 1983 claims against states, state entities, and state officials acting in their official capacities are barred because states are not "persons" covered by § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989). Because Plaintiff sues the State of Arizona, DCS, and four individual defendants in their official capacities, he fails to state a claim for which relief can be granted. Plaintiff's § 1983 claims are dismissed.

### B. ADA Claims

Plaintiff next alleges claims under the Americans with Disabilities Act ("ADA"). (Doc. 1 at 1.) Unlike § 1983 claims, a state may be sued under Title II of the ADA. 42 U.S.C. § 12202; *see Miller v. Ceres Unified Sch. Dist.*, 141 F. Supp. 3d 1038, 1043 (E.D. Cal. 2015) (collecting cases). To state a claim under Title II, "a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis omitted) (quoting 42 U.S.C. § 12132).

Plaintiff alleges that Defendants filed "discriminatory pleadings regarding the plaintiff's ADA disability" and refused to "provid[e] [Plaintiff] with a [sic] special accommodations." (Doc. 1 at 2.) Specifically, Plaintiff alleges that he has a severe mental

illness, made repeated requests for accommodation, and that Defendants ignored or denied those requests and used Plaintiff's disability as a basis for terminating his parental rights, which amounted to illegal discrimination under Title II. (Doc. 1.) Although such allegations would normally be sufficient under Rule 8, Plaintiff fails to isolate the conduct of each Defendant and instead "[l]ump[s] all the defendants together and only generally alleg[es] actions taken by all defendants." *Deloney v. Cnty. of Fresno*, No. 1:17–cv–01336–LJO–EPG, 2018 WL 1693383, at *5 (E.D. Cal. Apr. 6, 2018). "[W]hen a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)); *see also Tate v. Univ. Med. Ctr. of S. Nev.*, No. 2:09–cv–1748–LDG (RJJ), 2010 WL 3829221, at *3 (D. Nev. Sept. 24, 2010). Because the Complaint fails to provide sufficient notice as to the nature of the claims being asserted against each Defendant, Plaintiff's ADA claims are dismissed. If Plaintiff elects to file an amended complaint, he must identify which Defendants are responsible for each specific violation of the ADA alleged.

### III. Leave to Amend

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint. In the amended complaint, Plaintiff must state what rights he believes were violated. Fed. R. Civ. P. 8(a)(2). Each claim of an alleged violation must be set forth and labeled in a separate count. The amended complaint must also state why the federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See*

*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused[,] and redundant that its true substance, if any, [was] well disguised").

## CONCLUSION

The application for IFP status is granted. However, because states, state entities, and state officials sued in their official capacities are not suable under § 1983, those claims are dismissed. Moreover, because the Complaint fails to allege specific illegal conduct by each Defendant, Plaintiff's ADA claims are dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**. Plaintiff shall be responsible for service by waiver or of the Summons and Complaint.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint is dismissed for failure to comply with Rule 8, with leave to file an amended complaint **WITHIN 30 DAYS**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint **WITHIN 30 DAYS** of the date of this Order, the Clerk of Court shall dismiss without prejudice and terminate this action without further Order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

Dated this 8th day of February, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge