**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Allen Robertson, | No. CV-22-00009-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Lisa Millett, et al., | |
| Defendants. | |

Before the Court is Plaintiff Michael Allen Robertson's ("Plaintiff") Motion for Protective Order (Doc. 19). For the following reasons, the motion is denied.

**BACKGROUND**

In January 2022, Plaintiff filed this action alleging claims under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 against the State of Arizona, the Arizona Department of Child Safety ("DCS"), and various state employees. The action stems from the proceedings associated with Plaintiff's loss of custody of his minor children, which began in April 2018. Plaintiff alleges that over the course of DCS's investigation, its agents fraudulently misrepresented facts, made knowingly false reports, and suppressed evidence. He claims that DCS's actions forced him to voluntarily sever his parental rights in August 2020.

Because Plaintiff proceeds in forma pauperis, his Complaint remains in the screening stage, and he has not yet served Defendants with the Complaint or any motions

in this action. Nonetheless, Plaintiff filed the instant Motion for Protective Order on December 20, 2022. In the motion, he alleges that on December 14, 2022, he was arrested for sexual offenses "based entirely on a smear campaign orchestrated by DCS." (Doc. 19 at 3.) He further alleges that two days after this arrest, on December 16, 2022, a Maricopa County Attorney dropped all charges. (*Id.*) As a result, he requests that this Court enter an injunction preventing DCS and several individuals from harassing Plaintiff and further directing the State of Arizona to expunge all references to the dropped charges from his criminal record. (Doc. 19 at 4.)

**DISCUSSION**

**I.     Legal Standard**

A Plaintiff seeking a preliminary injunction must demonstrate the following factors: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)). The Ninth Circuit applies a "sliding scale" or "serious questions" approach to the *Winter* factors. Thus, "serious questions going to the merits" and the "balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135. Additionally, under Federal Rule of Civil Procedure 65, the Court may not issue preliminary injunctive relief without notice to the adverse party. Fed. R. Civ. P. 65(a)(1).

**II.    Analysis**

**A. Notice**

Under Federal Rule of Civil Procedure 65, this Court is precluded from granting Plaintiff's request for injunctive relief without notice to the opposing party. To the extent the Court could construe this request as a request for a temporary restraining order without notice, Plaintiff does not provide "specific facts in an affidavit or a verified complaint

clearly show[ing] that immediate or irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Since such a showing is required, the Court cannot issue the requested relief at this juncture.

### B. *Winter* Factors

Additionally, Plaintiff does not make a showing that the *Winter* factors tip in his favor. In light of the policy that "we continue to construe *pro se* filings liberally," the Court reads Plaintiff's motion as a motion for a preliminary injunction. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). To the extent Plaintiff seeks a protective order for his safety based on state law, this Court is not the proper forum to provide such relief. Thus, because the Court construes the request as one for preliminary injunctive relief, it analyzes the *Winter* factors.

The Court cannot say the likelihood of success factor tips in favor of Plaintiff at this stage. "Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, we need not consider the other factors." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (internal quotations omitted). Plaintiff appears to base his motion on the claim that DCS and other state agents maliciously prosecuted him when he was arrested in December 2022. "To establish malicious prosecution under Arizona law, Plaintiff must 'prove damage by a criminal prosecution, which terminated in his favor, with defendant as prosecutor or complaining witness acting without probable cause and with malice.'" *West v. City of Mesa*, 128 F. Supp. 3d 1233, 1240 (D. Ariz. 2015) (quoting *Bearup v. Bearup*, 596 P.2d 35, 36 (Ariz. Ct. App. 1979)). To support his argument, Plaintiff alleges that all former statements by witnesses alleging he committed sexual assault have been impeached, and Defendants did not state that they acquired new forensic evidence. While these claims may be probative in a malicious prosecution claim, without more, they cannot establish the elements of the claim. Without further evidence about the prior statements or arrest at issue, the Court cannot determine Plaintiff's likelihood of success on the merits. As such, this factor is neutral.

The motion is denied, however, because the remaining factors do not tip in

Plaintiff's favor.  First, Plaintiff does not demonstrate a likelihood of irreparable harm in the absence of an injunction.  To obtain a preliminary injunction, a plaintiff must demonstrate a concrete, rather than merely speculative likelihood of harm.  *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt. Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013).  Here, Plaintiff does not show that he faces a likelihood of imminent or concrete injury by DCS or any other defendant in the absence of an injunction.  The facts he alleges do not establish a pattern of harassment that is likely to repeat unless the Court enters an injunction.  Additionally, Plaintiff claims that the December 2022 charges against him were dropped in their entirety; thus, in the absence of evidence that further prosecution or harassment is imminent, an injunction is not the proper remedy.  Instead, Plaintiff's remedy, if he has one, is in damages for the malicious prosecution claim.

Lastly, the balance of the equities and public interest factors do not favor Plaintiff.  While the Plaintiff's requested injunction could prevent DCS from engaging with Plaintiff in a way that he finds harassing, it could also prevent DCS and other state entities from investigating and prosecuting Plaintiff's case.  Without further evidence of wrongdoing, the Court will not enjoin the State or its agents from carrying out their functions.  Finally, an injunction does not serve the public interest because it could prevent DCS and other state actors from engaging in investigations and prosecutions to protect the public.  As such, the *Winter* factors do not favor Plaintiff and his motion for preliminary injunction is denied.  Plaintiff's request to amend his Third Amended Complaint will be addressed at the time the Court screens his Third Amended Complaint and addresses his remaining motions.

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (Doc. 19) is **DENIED**.

Dated this 6th day of January, 2023.

_____
G. Murray Snow
Chief United States District Judge