1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   Michael Allen Robertson,                | No. CV-22-00009-PHX-GMS

10              Plaintiff,                    | **ORDER**

11  v.

12  Lisa Millett, et al.,

13              Defendants.

14

15

16        Pending before the Court is Plaintiff Michael Robertson's Third Amended Civil

17  Rights Complaint (Doc. 14), Motion to Allow Fourth Amended Complaint (Doc. 15),

18  lodged Fourth Amended Complaint (Doc. 16), Motion to Add Defendants and Counts to

19  Third Amended Complaint (Doc. 18), and Motion for Court Ordered MRI for Amanda and

20  Jennifer Bacolas (Doc. 20).  For the following reasons, Plaintiff's Third Amended Civil

21  Rights Complaint (Doc. 14) is granted in part and dismissed in part.  The remaining

22  motions are denied.

23                        **BACKGROUND**

24        The facts in this case are set forth in the Court's orders (Docs. 12, 22) granting

25  Plaintiff's Motion to Allow Second Amended Complaint Before Final Screening & Order

26  of the Court and denying Plaintiff's Motion for Protective Order.

27  / / /

28

**DISCUSSION**

**I.  Third Amended Complaint**

**A.  Background**

On October 31, 2022, Plaintiff was granted permission to file a Third Amended Complaint.  (Doc. 12 at 14-15).  The Order instructed Plaintiff that "[t]he Third Amended Complaint shall contain all of Plaintiff's claims, including the remaining Counts in their current form and the dismissed Counts as amended.  The Third Amended Complaint shall not exceed 85 pages."  (*Id.*)  The Court gave Plaintiff leave to amend Count I, Count V, Count VI, Count VIII, and Count XIV.  (*Id.* at 12 n.5.)  Furthermore, "the unrevised" Count II, Count III, Count IV, Count VII, Count IX, Count X, Count XI, Count XII (both claims), and Count XIII must be included in the Third Amended Complaint.  (*Id.* at 12.)  "In the Third Amended Complaint, Plaintiff must state what rights he believes were violated in each amended count."  (*Id.* at 13.) On November 30, 2023, Plaintiff filed his Third Amended Civil Rights Complaint (Doc. 14).

**B.  Analysis**

Plaintiff's Third Amended Civil Rights Complaint (Doc. 14) partially complies with the Court's October 2022 Order (Doc. 12).  Count II, Count III, Count IV, Count VII, Count IX, Count X, Count XI, Count XII (both claims), and Count XIII are included in the Third Amended Complaint and unrevised.  (Doc. 14.)

**1.  Count I**

"Count I is a § 1983 claim alleging that Defendants Lisa Millett and Joelle Higby violated Plaintiff's due process rights by suppressing evidence from mandatory reporter witnesses that would have supported his claim and by filing fraudulent pleadings in the underlying dependency action."  (Doc. 14 at 18.)

**a.  Suppression of Exculpatory Evidence**

To establish a *Brady* violation, the plaintiff must allege that (1) the suppressed evidence was favorable either because it was exculpatory or could be used to impeach, (2) the government willfully or inadvertently suppressed the evidence, and (3) prejudice

1   resulted.  *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).  "[T]he nondisclosure [must

2   be] so serious that there is a reasonable probability that the suppressed evidence would

3   have produced a different verdict."  *Id.* at 281.

4          "It is unclear whether *Brady v. Maryland* has any application to civil child

5   dependency proceedings."  *Clarke v. Upton*, No. CV-F-07-888OWWSMS, 2009 WL

6   1460815, at *18 (E.D. Cal. May 26, 2009).  Nevertheless, assuming that *Brady* is

7   applicable, Plaintiff has not established prejudice.  Plaintiff possessed evidence from the

8   mandatory reporter witnesses that would have supported his claim of being a fit parent.

9   (Doc. 16-1 at 17–20, 25–36, 39, 52, 63.)  For example, Bob Whaley emailed Plaintiff a

10  letter, which Plaintiff forwarded to Dean O'Connor, Higby, and Millett on February 24,

11  2019, stating that Plaintiff "is an EXCELLENT father and provider."  (*Id.* at 52.)  Plaintiff

12  was aware of, had access to, or possessed the letters that favored him, and there is nothing

13  to indicate that he was unable to present those facts during the dependency or severance

14  proceedings.  Indeed, Plaintiff disclosed the evidence at the second state court severance

15  proceeding in June 2020.  (Doc. 14 at 18–19.)  "[W]here the defendant is aware of the

16  essential facts enabling him to take advantage of any exculpatory evidence, the

17  Government does not commit a *Brady* violation by not bringing the evidence to the

18  attention of the defense."  *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006) (quoting *United

19  States v. Brown*, 582 F.2d 197, 200 (2d Cir.1978)).

20         Thus, Plaintiff's claim alleging that Defendants Millett and Higby violated

21  Plaintiff's due process rights by suppressing evidence from mandatory reporters is

22  dismissed for failure to state a claim.

### b. Deliberate Fabrication of Evidence

24         "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that

25  (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication

26  caused the plaintiff's deprivation of liberty."  *Spencer v. Peters*, 857 F.3d 789, 798 (9th

27  Cir. 2017).  "The term 'deliberate fabrication' encompasses both statements that the official

28  knew were false and those the official would have known were false had he not recklessly

1     disregarded the truth." *Schindler v. Contra Costa Cnty.*, No. 21-CV-02984-JSW, 2023 WL

2     2414864, at \*2 (N.D. Cal. Mar. 8, 2023).  To establish causation, the plaintiff must show

3     (1) "the act was the cause in fact of the deprivation of liberty" and (2) "the act was the

4     'proximate cause' . . . of the injury."  *Spencer*, 857 F.3d at 798.

5             Plaintiff alleges that the following documents contain false information:

6             (1) Patricia Smith's Comprehensive Child Safety and Risk Assessment filed on

7                 April 8, 2018, (Doc. 14 at 20);

8             (2) The Unit Consultation Summary dated April 10, 2020, (*Id.* at 25);

9             (3) The December 10, 2018 Case Plan, (*Id.*);

10            (4) The default severance petition, (*Id.* at 26); and

11            (5) Parenting plans and progress reports, (*Id.*)

12            Plaintiff alleges that Smith's investigative reports and assessments falsely "cit[ed]

13    past reports of abuse that each would have justified a DCS removal of the children, had her

14    summaries been valid and true," incorrectly contained "fraudulent statements regarding the

15    condition of Plaintiff's home," and fraudulently listed "13 contacts the Robertson/Bacolas

16    family had with DCS between 05/30/2008 and 11/29/2017."  (*Id.* at 20.)  Plaintiff then

17    asserts that Defendants Millett and Higby falsely stated in the Unit Consultation Summary

18    that "[t]he abuse that has been alleged by multiple sources regarding Mr. Michael

19    Bacolas . . . is rather severe and chronic in nature."  (*Id.* at 25.)  Additionally, on December

20    10, 2018, Defendant Millett filed three false statements in the December 2018 Case Plan:

21    (1) "Mr. Robertson's mental health, substance abuse, parental responsibilities, domestic

22    violence and neither parent willing to protect the children," (2) "Children have been

23    physically and emotionally abused by Mr. Robertson," and (3) "Mr. Robertson choked and

24    threw one of the children to the floor."  (*Id.*)  According to Plaintiff, "Defendants Millett

25    and Higby knew these pleadings were false[, and t]he subsequent filing of false pleadings

26    were therefore an intentional deprivation of Plaintiff's rights to his own children."  (*Id.*)

27    Also, the default severance petition contained "fictitious accusations of paternal abuse by

28    Plaintiff."  (*Id.* at 26.)  Moreover, the parenting plans and progress reports falsely stated

1    "[o]ngoing physical abuse and neglect, parent deliberately harmed the child, has caused

2    serious or severe injuries to child." (*Id.*).

3          Accepting the allegations in the Third Amended Complaint (Doc. 14) as true, the

4    Court concludes that Plaintiff has adequately stated a claim for deliberate fabrication of

5    evidence.

6                          **2.  Count V**

7          Plaintiff contends that Defendants Millett, Higby, Alison Botta, and Eleni Vaita

8    violated Plaintiff's civil and due process rights by refusing to participate in discovery, filing

9    false pleadings, and suppressing evidence. (*Id.* at 37.)

10                    **a.  Arizona Rule of Procedure for the Juvenile Court 44**

11         "[J]uvenile proceedings are governed by the [Arizona] Rules of Procedure for [the]

12   Juvenile Court." *Matter of Yavapai Cnty., Juv. Action No. 7707*, 25 Ariz. App. 397, 399,

13   543 P.2d 1154, 1156 (Ariz. Ct. App. 1975).  Arizona Rule of Procedure for the Juvenile

14   Court 44(A)[1] provides "[a]ll information which is not privileged shall be disclosed."

15         Rule 44(B)(1) mandates parties to "provide to each other all documents within their

16   possession which may be subject to disclosure" within twenty-four hours before the

17   preliminary protective hearing.  "Unless otherwise authorized by the court, any document

18   received by or prepared by the party thereafter shall be disclosed within five [] days of

19   receipt or preparation."  Ariz. R.P. Juv. Ct. 44(B)(1).  Moreover, Rule 44(B)(2) requires a

20   party to file a disclosure statement within sixty days of the preliminary protective hearing.

21         Plaintiff alleges that "[a] fraudulent juvenile dependency petition was filed on April

22   8, 2018, in the Plaintiff's absence." (Doc. 14 at 9.)  Defendants Millett and Higby ignored

23   Plaintiff's discovery requests "after two severance proceedings and [twenty-seven months]

24   into the dependency." (*Id.* at 36.)  "Plaintiff had his parenting rights severed by default on

25   a hearing in July[] 2019." (*Id.* at 11.)  "Plaintiff appealed the severance to the Arizona

26   Court of Appeals, and that Court reinstated his parenting rights to his minor children in

27

---

28   [1] Rule 44 was revised is July 2022 and relisted as Rule 315.  To address the Plaintiff's
     arguments, this Order refers to the rule in effect at the time the alleged violations
     occurred—Rule 44 language cited here.

January[] 2020." (*Id.*) "A second severance was filed in February[] 2020, but the Defendants ignored Plaintiff's requests for discovery until July[] 2020"—"just days before the trial was to begin on the second severance." (*Id.* at 36.) "Two thousand documents were sent to Plaintiff's attorney . . . in June[] 2020, with no direct reference by the state as to which pieces of evidence in that dump of information would be referenced during trial." (*Id.*)

Plaintiff further asserts that the Defendants' suppressed medical, school, and counseling records. (*Id.*) And "[e]vidence requested by [] Plaintiff . . . between April 8, 2018, and August 10, 2020, was not provided in those 2,000 documents produced by Defendants Joelle Higby and Eleni Vaita in July[] 2020." (*Id.*) "Plaintiff alleges his parenting rights were violated to prejudice the Juvenile Court to *error on the side of caution*, and opt for the kin relative placement." (*Id.* at 16). "Plaintiff further alleges the bizarre testimony from his older children was not meant to be believable, but was presented by the Defendants to prejudice the Juvenile Court in a second severance proceeding that was non-evidentiary, to violate the Plaintiff's parenting and civil rights." (*Id.*) "Plaintiff was forced to self severe his parenting rights on August 10, 2020." (*Id.*) Plaintiff concludes that Defendants violated his "civil and due process rights by not participating in discovery." (*Id.* at 37.)

Based on the disclosure deadlines in Rule 44(B)(2), Defendants Millett, Higby, Botta, and Vaita were required to provide their disclosure statement within sixty days of the preliminary protective hearing. Plaintiff does not provide the date of the preliminary protective hearing, but twenty-seven months far exceeds sixty days. Nevertheless, Plaintiff does not adequately allege a due process violation. "[P]rocedural due process requires that a parent be given notice of the dependency proceedings and have a chance to be heard and defend the case." *Brandon J. v. Dep't of Child Safety*, No. 1 CA-JV 21-0218, 2021 WL 6052594, at *3 (Ariz. Ct. App. Dec. 21, 2021). To prevail, Plaintiff, must show the lack of notice and opportunity to prepare a defense was prejudicial. *Roberto F. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 45, 56, 301 P.3d 211, 222 (Ariz. Ct. App. 2013), *as amended* (June

20, 2013).

First, any issues that occurred in the first severance hearing were corrected by the Arizona Court of Appeals when the court reinstated Plaintiff's parenting rights. (Doc. 14 at 11–12.) Second, Plaintiff does not allege that he was not given notice of the proceedings or the grounds for which Defendants sought to terminate his parental rights. To the contrary, "Plaintiff threatened civil litigation consistently against" Defendants because he believed the Defendants' findings, reports, and pleadings were false. (*Id.* at 10.) Plaintiff specifically states that Defendants moved for the termination of his parental rights because Plaintiff "abused and caused injury to his children for 10 years." (*Id.* at 12) (internal quotation marks omitted). Third, Plaintiff makes only conclusory allegations of prejudice. He does not state how either the late disclosure or lack of disclosure prejudiced him. Instead, Plaintiff argues that he "was forced to self severe his parenting rights on August[] 10, 2020, in lieu of his rights being severed . . . based on the Defendants inflammatory, false, and non-evidentiary pleadings." (*Id.* at 16–17.) Finally, when Defendants refused to adhere to the deadlines set forth in Rule 44(B), Plaintiff's proper course was to seek sanctions under Arizona Rule 44(G). There is no suggestion that Plaintiff did so.

Thus, Plaintiff has not sufficiently alleged that Defendants' non-compliance with the juvenile court's discovery rules prejudiced Plaintiff.

### b. Suppression of Exculpatory Evidence

The standard to establish a *Brady* violation is discussed in Part B(1)(a) of this Order. Plaintiff alleges that Defendants suppressed his children's medical records, school records, and counseling records, as well as the "original participation records of [Plaintiff's] involvement in family preservation programs in 2016 and 2017, and the original DCS reports . . . presented in the dependency by investigator Patricia Smith." (Doc. 14 at 36.) Moreover, "Defendants had the fulfillment of service requirements by Plaintiff in their possession." (*Id.* at 37.) Plaintiff fails to explain how the alleged suppressed evidence is exculpatory or could be used to impeach. Moreover, as it relates to Plaintiff's involvement in preservation programs, Plaintiff could have introduced contrary evidence to cure any

1    prejudice.

2           Count V suppression of the evidence claim is dismissed.

3                      **c.  Deliberate Fabrication of Evidence**

4           The requirements to prevail on a § 1983 claim of deliberate fabrication is outlined

5    in Part (B)(1)(b) of this Order.  Because Plaintiff asserts that the Defendants were not aware

6    that he completed any reunification services until July 2019—the same month as the first

7    severance proceeding—and that this information was presented by Plaintiff's attorney to

8    the juvenile court at the second severance proceeding in February 2020, Plaintiff has failed

9    to allege that the Defendants deliberately fabricated the evidence.  *See* (*Id.* at 37.)

10          Count V deliberate fabrication of evidence claim is dismissed.

11                         **3.  Count VI**

12          Count VI alleges that Defendants Higby and Vaita maliciously prosecuted

13   dependency proceedings against Plaintiff to avoid civil liability after the Arizona Court of

14   Appeals reinstated Plaintiff's parental rights in January 2020.  (*Id.* at 37, 39.)  "Federal

15   courts rely on state common law for elements of malicious prosecution."  *Mills v. City of*

16   *Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019).  In Arizona, malicious prosecution claims in

17   which the underlying proceeding is civil are brought under the common-law tort of

18   wrongful institution of civil proceedings.  *Chalpin v. Snyder*, 220 Ariz. 413, 418–19 n.5,

19   207 P.3d 666, 671–72 n.5 (Ariz. Ct. App. 2008).  The civil tort of malicious prosecution

20   includes five elements.  *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 416,

21   758 P.2d 1313, 1318 (1988).  "Plaintiff must prove defendant (1) instituted a civil action

22   which was (2) motivated by malice, (3) begun without probable cause, (4) terminated in

23   plaintiff's favor and (5) damaged plaintiff."  157 Ariz. at 417, 758 P.2d at 1319.

24          In the Court's October 2022 Order (Doc. 12), the Court instructed Plaintiff that he

25   "must allege that the civil action was terminated in his favor and maintained without

26   probable cause" to sustain a malicious prosecution claim.  (Doc. 12 at 8.)  Here, Plaintiff

27   makes a conclusory statement that "Plaintiff's parenting rights were terminated in

28   Plaintiff's favor while he was under duress, Plaintiff self-severed his parenting rights on

1   August 10, 2020." (Doc. 14 at 39.)  Plaintiff voluntarily severing his parental rights is not
2   a favorable termination.  Moreover, Plaintiff does not allege that either severance action
3   was initiated without probable cause.

4          Plaintiff fails to state a claim for malicious prosecution under § 1983.  This claim is
5   thus dismissed.

### 4.   Count VIII

#### a.   Deliberate Fabrication of Evidence

8          The requirements to prevail on a § 1983 claim of deliberate fabrication is outlined
9   in Part (B)(1)(b) of this Order.  In the Court's October 2022 Order (Doc. 12), the Court
10   explained that if Plaintiff amends Count VIII's deliberate fabrication of evidence claim,
11   Plaintiff "must allege sufficient facts that demonstrate not only that the abuse allegations
12   were false, but also that these Defendants knew they were false; the mere fact that the
13   testimony contradicted prior testimony is insufficient to plead knowledge." (Doc. 12 at 6.)

14          Here, Plaintiff alleges that "the testimony of these SMI witnesses were not only
15   contradictory, but knowingly false by DCS and the community." (Doc. 14 at 46.)
16   Additionally, "Defendant Jennifer Willcutt provided a false narrative, that was placed in
17   the 2020 forensic interview narratives of Jennifer and Amanda Bacolas, that became
18   evidence for the [c]ourt." (*Id.* at 47.)  The statements are:

19          (1) "It is believed the father may have molested the boys because it was reported
20              the father molested another child of his, Kalee [Kalin Wynne].  Kaylee is
21              now an adult however, reportedly when it happened, he had claimed it was
22              someone else and forced her to lie about it ans [*sic*] say it was another guy
23              [Phillip Menting].  When she turned 18, she told the truth about it." (*Id.*)
24              (alterations in original);

25          (2) "Kaylee [Kalin Wynne] is reportedly the only child who claimed her father
26              sexually abused her." (*Id.*) (alteration in original);

27          (3) "Jennifer found out that there were prior accusations made by the boys while
28              living at a foster home in the city of Maricopa." (*Id.* at 48);

1    (4) "These accusations made were made at the end of April [2018].  There was

2       a forensic interview and a police report."  (*Id.*) (alteration in original);

3    (5) "He has reportedly made several innuendos in front of the boys according to

4       Amanda who was a witness to that."  (*Id.*);

5    (6) "Amanda believes Michael [Robertson] molested the two boys because their

6       actions are very similar to her older brother's actions who was molested by

7       Michael."  (*Id.*) (alteration in original);

8    (7) "It is certain Michael did something to the boys."  (*Id.* at 49);

9    (8) "Boys were waiting on forensic interviews due to allegations made by [minor

10      son] in February[] 2020 of sexual abuse."  (*Id.*) (first alteration in original);

11      and

12   (9) "The boys stated they do not feel safe around their parents."  (*Id.* at 50.)

13       Plaintiff first asserts that Defendants Higby and Vaita knew statements one, two,

14   and nine were false "based on Plaintiff's DCS involvement with the rape of Kalin Wynne

15   in 2009," which showed that Phillip Menting was found guilty of the alleged abuse.  (*Id.*)

16   Next, Plaintiff argues that Defendant Willcutt knew statement three was false because

17   "[t]he minor children were never given forensic interviews[] until March 25, 2020."  (*Id.*

18   at 48.)  Statement five is also allegedly untrue because "Amanda Bacolas was estranged

19   and not privy to any relationship prior to the dependency."  (*Id.*)  Finally, the Defendants

20   allegedly knew statements six, seven, and eight were incorrect because (1) "no evidence of

21   any abuse against children has even been produced, either against Plaintiff's adult or minor

22   children, and these false accusations surfaced upon execution of this fraudulent scheme to

23   adopt Plaintiff's minor children by DCS and Amanda Bacolas in 2020," (*Id.* at 48–49),

24   (2) "Both minor children denied any such abuse ever occurred, nor did they ever report any

25   such abuse," (*Id.* at 49), and (3) Jennifer Willcutt contradicted herself in one report by

26   writing, "There were no disclosures made by the boys at that time."  (*Id.*)

27       Such allegations are sufficient to avoid dismissal at this early stage.

28

- 10 -

1
2

       **b. Violation of Arizona Rule of Procedure for the Juvenile Court 44**

3
4

   The standard for a due process violation for failure to comply with Rule 44 is outlined in Part (B)(2)(a) of this Order.

5
6
7
8
9
10

   Plaintiff argues twenty-seven months "after the dependency was filed in Juvenile Court on April 8, 2018, Defendant Eleni Vaita finally participated in Discovery with the Initial Disclosure Statement on July 22, 2020, twenty days before the trail [*sic*] was scheduled to begin to sever Plaintiff's parenting rights." (*Id.* at 43.) "Defendants . . . suppressed[] and refused to share with Counsel for Plaintiff . . . evidence showing the father to be a fit, competent, and credible parent." (*Id.* at 43–45 (listing eighteen documents).)

11
12
13
14
15
16
17
18
19
20
21
22

   "Adequate notice is a fundamental element of due process." *Roberto F.*, 232 Ariz. at 55, 301 P.3d at 221. Plaintiff does not sufficiently allege a due process violation because he fails to assert that he was not given notice of the proceedings or the grounds for which the Defendants were seeking to terminate his parental rights. As stated above, Plaintiff knew Defendants moved for the termination of his parental rights was because Plaintiff allegedly "abused and caused injury' to his children for 10 years." (Doc. 14 at 12) (internal quotation marks omitted). Furthermore, "discovery decisions are left within the sound discretion of the juvenile court because there is no constitutional guarantee to discovery; discovery is simply a matter of legislative grace and judicial procedure." *Jessica C. v. Dep't of Child Safety*, No. 1 CA-JV 13-0315, 2014 WL 3610899, at *6 (Ariz. Ct. App. July 15, 2014). When a party does not adhere to the deadlines set forth in Rule 44(B), the proper remedy is to seek sanctions under Rule 44(G).

23

   Thus, Count VIII violation of the discovery rules claim is dismissed.

24

        **5. Count XIV**

25
26
27
28

   In the Court's October 2022 Order (Doc. 12), the Court dismissed Count XIV because Plaintiff did not sufficiently plead a violation under Section 504 of the Rehabilitation Act. (Doc. 12 at 12.) Although, the Court granted Plaintiff leave to amend Count XIV, (*Id.* at 12, 14), he neglected to do so. No changes were made from Plaintiff's

1    Second Amended Complaint (Doc. 13). Thus, Count XIV is dismissed for the same

2    reasons listed in the Court's October 2022 Order (Doc. 12).

3    **II.     Motion to Amend the Third Amended Complaint**

4         The Court denies Plaintiff's Motion to Allow Fourth Amended Complaint

5    (Doc. 15), lodged Fourth Amended Complaint (Doc. 16), and Motion to Add Defendants

6    and Counts to Third Amended Complaint (Doc. 18). Plaintiff's lodged Fourth Amended

7    Complaint (Doc. 16) does not comply with the Court's October 2022 Order (Doc. 12).

8    First, the lodged Fourth Amended Complaint (Doc. 16) is 119 pages, which exceeds the

9    eighty-five page limit set by the Court. *See* (Doc. 12 at 14.) Second, Count II, Count III,

10   Count IV, Count VII, Count IX, Count X, Count XI, and Count XIII from the Second

11   Amended Complaint (Doc. 13) were revised against the Court's Order. Third, Plaintiff

12   attempts to reassert claims the Court has already denied. To the extent Plaintiff wishes to

13   consolidate the instant case with *Robertson v. Millett, et al.*, Case No. 2:22-CV-01983-

14   GMS, he should file the proper motion pursuant to the Federal Rules of Civil

15   Procedure 42(a).

16        Accordingly, Plaintiff's Motion to Allow Fourth Amended Complaint (Doc. 15),

17   lodged Fourth Amended Complaint (Doc. 16), and Motion to Add Defendants and Counts

18   to Third Amended Complaint (Doc. 18) are denied.

19   **III.    Motion for Court Ordered MRI for Amanda and Jennifer Bacolas (Doc. 20)**

20        Plaintiff moves the Court to order a magnetic resonance imaging (MRI) "on the

21   brains of Amanda and Jennifer Bacolas, to determine the severity of their [Narcissistic

22   Personality Disorder] and causation of their bizarre and proven false accusations against

23   Plaintiff's person and character, in the violations of his parenting and civil rights." (Doc.

24   20 at 2.) Amanda and Jennifer Bacolas' mental condition is not "in controversy," and

25   Plaintiff has not shown "good cause." *See* Fed. R. Civ. P. 35(a). Moreover, Plaintiff cannot

26   bring a § 1983 claim against his older children for their testimony in the dependency

27   proceedings. *See Clarke*, 2009 WL 1460815, at *19 ("To the extent that the Fifth Amended

28   Complaint alleges claims against Defendants for presenting false or perjured testimony

1    *during* the child dependency hearings, *Briscoe v. LaHue*, 460 U.S. 325, 326 [] (1983), holds

2    that a witness has absolute immunity from liability for civil damages under Section 1983

3    for giving perjured testimony at trial.").

4            Plaintiff's request is dismissed without prejudice.

5    **IV.    Leave to Amend**

6            Allegations in a pro se complaint are held to "less stringent standards than

7    formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Pro se

8    complaints must be liberally construed and afforded the benefit of any doubt.  *Hebbe v.*

9    *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Pro se plaintiffs, however, "are not relieved

10   of their obligation to plead a plausible claim for relief."  *Ogden v. CDI Corp.*, No.

11   CV 20-01490 PHX CDB, 2020 WL 6947696, at *2 (D. Ariz. Aug. 18, 2020).  They are

12   "expected to abide by the rules of the court in which [they] litigate." *Carter v. Comm'r*,

13   784 F.2d 1006, 1008 (9th Cir. 1986).  Thus, dismissal without leave to amend is proper

14   when the complaint cannot be saved by any amendment.  *Manzarek v. St. Paul Fire &*

15   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

16           Count I's suppression of exculpatory evidence claim, Count V, Count VI, Count

17   VIII's discovery violation claim, and Count XIV of Plaintiff's Third Amended Complaint

18   (Doc. 14) fail to cure the pleading deficiencies identified in the Court's October 2022 Order

19   (Doc. 12).  First, Plaintiff was aware of or had access to evidence that he claims favored

20   him. (Doc. 14 at 18–19, 37.)  Because Plaintiff possessed exculpatory evidence, he cannot

21   sufficiently plead a *Brady* violation.  Second, the facts alleged by Plaintiff show that he

22   had adequate notice of the proceedings or the grounds for which the Defendants were

23   seeking to terminate his parental rights.  Plaintiff knew why Defendants moved for the

24   termination of his parental rights and was aware of all proceedings. (*Id.* at 10, 12.)  Thus,

25   any discovery violations do not rise to the level of a procedural due process violation.  The

26   proper remedy was to seek sanctions under Rule 44(G).  Third, Plaintiff fails to provide

27   facts that would establish knowledge on behalf of the Defendants and prejudice towards

28   the Plaintiff, which the Court explained is necessary to adequately plead Count V's

1  deliberate fabrication of evidence claim.  (Doc. 12 at 5.)  Rather, Plaintiff alleged facts that

2  Defendants were not aware of any falsehoods until presented with contradictory evidence

3  that Plaintiff possessed.  (Doc. 14 at 37.)  Fourth, Count VI's alleged facts are conclusory.

4  Fifth, Plaintiff did not amend Count XIV after given an opportunity to do so.  Accordingly,

5  granting Plaintiff any additional leave to amend his dismissed claims would be futile.

6       Because no meritorious legal arguments were advanced in the claims above, and it

7  is clear that Plaintiff is unable to state a plausible claim for relief, Count I's suppression of

8  exculpatory evidence claim (Doc. 14 at 18-20, ¶¶ 8–19; 21-25, ¶¶29–41), Count V, Count

9  VI (Doc. 14 at 35-39), Count VIII's discovery violation claim (Doc. 14 at 42-46, ¶¶ 77-81),

10  and Count XIV of Plaintiff's Third Amended Complaint (Doc. 14 at 74-75) are dismissed

11  with prejudice.  *See Carter v. Hampson*, 599 F. App'x 308, 308–09 (9th Cir. 2015) ("The

12  district court did not abuse its discretion by denying leave to amend the complaint because

13  amendment would have been futile."); *Treppel v. Biovail Corp.*, No. 03 CIV. 3002 (PKL),

14  2005 WL 2086339, at \*12 (S.D.N.Y. Aug. 30, 2005) ("[T]he Court finds that leave to

15  amend would be futile because plaintiff has already had two bites at the apple and they

16  have proven fruitless.").

17                    **CONCLUSION**

18       Count I's suppression of exculpatory evidence claim (Doc. 14 at 18-20, ¶¶ 8–19;

19  21-25, ¶¶29–41), Count V, Count VI, Count VIII's discovery violation claim (Doc. 14 at

20  42-46, ¶¶ 77-81), and Count XIV of Plaintiff's Third Amended Complaint are denied.

21  These claims are dismissed without leave to amend.

22       Plaintiff must serve a copy of the Summons, the Third Amended Complaint

23  (Doc. 14), and this Order on each Defendant.  The person who serves Defendants with the

24  Summons, Complaint, and this Order is required, according to the rules, to file an affidavit

25  with the Court that proves that Defendants were served in compliance with this Order.  This

26  is the way that the Court knows that Defendants have been served.  Therefore, Plaintiff

27  must be sure that, prior to thirty days from the date of this Order, whoever serves the

28  Summons, Complaint, and this Order on each Defendant files an affidavit with this Court

1    demonstrating that they accomplished proper service.

2          **IF PLAINTIFF DOES NOT FILE THE AFFIDAVIT OF SERVICE**

3    **DESCRIBED ABOVE WITHIN THIRTY DAYS FROM THE DATE OF THIS**

4    **ORDER, DEFENDANTS WILL BE DISMISSED WITHOUT PREJUDICE FROM**

5    **THE LAWSUIT. THIS CONSTITUTES PLAINTIFF'S NOTICE UNDER RULE**

6    **4(m).**

7          Accordingly,

8          **IT IS ORDERED** that Plaintiff's Third Amended Complaint (Doc. 14) is

9    **GRANTED IN PART AND DISMISSED IN PART**.   Count I's suppression of

10   exculpatory evidence claim (Doc. 14 at 18-20, ¶¶ 8–19; 21-25, ¶¶29–41), Count V, Count

11   VI, Count VIII's discovery violation claim (Doc. 14 at 42-46, ¶¶ 77-81), and Count XIV

12   are dismissed with prejudice.

13         **IT IS FURTHER ORDERED** that Plaintiff shall be responsible for service by

14   waiver or service of the Summons, Third Amended Complaint (Doc. 14), and this Order.

15   Defendants need only file an Answer in response to the undismissed claims—Count I's

16   deliberate fabrication of evidence (Doc. 14 at 20-21, ¶¶ 20–28; 25-26, ¶¶ 42–49), Count II,

17   Count III, Count IV, Count VII, Count VIII's deliberate fabrication of evidence (Doc. 14

18   at 46-48, ¶¶ 82–95, 49-51, ¶¶ 405-412), Count IX, Count X, Count XI, Count XII (both

19   claims), and Count XIII.

20         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Fourth Amended

21   Complaint (Doc. 15) is **DISMISSED** with prejudice.

22         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Defendants and

23   Counts to Third Amended Complaint (Doc. 18), and Motion for Court Ordered MRI for

24   Amanda and Jennifer Bacolas (Doc. 20) is **DIMISSED** without prejudice.

25         **IT IS FURTHER ORDERED** that Plaintiff's lodged Fourth Amended Complaint

26   (Doc. 16) should be **STRICKEN** from the record in this matter.

27         **IT IS THEREFORE ORDERED** directing the Clerk of Court that if Plaintiff fails

28   to file the required Affidavits of Service **WITHIN THIRTY DAYS** from the date of this

1   Order, the Clerk shall terminate any or all Defendants in this matter, without further notice,

2   that have not been served.

3       Dated this 28th day of December, 2023.

4

5                                   _____
                                         G. Murray Snow
6                                 Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28